Mindy Sue BAILEY, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 99–268.

Supreme Court of Wyoming.

Oct. 12, 2000.

174

Representing Appellant: Sylvia Lee Hackl, State Public Defender, and Donna D. Domonkos, Appellate Counsel. Argument by Ms. Domonkos.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; and Denise Timmermans, Student Intern. Argument by Ms. Timmermans.

Before LEHMAN, C.J., and THOMAS, GOLDEN, HILL, and KITE, JJ.

HILL, Justice.

Mindy Sue Bailey (Bailey) pleaded guilty to felony possession of a controlled substance in violation of Wyo.Stat.Ann. § 35–7–1031(c)(ii) (LEXIS 1999)[1] subject to appeal

---

1. Wyo.Stat.Ann. § 35–7–1031(c)(ii) provides:

   **35–7–1031. Unlawful manufacture or delivery; counterfeit substance; unlawful possession.**

   . . . .

   (c) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. Any person who violates this subsection:

   . . . .

of the trial court's denial of her motion to suppress evidence seized from her vehicle after her arrest on an outstanding traffic warrant. We find that the trial court's decision denying Bailey's motion to suppress was correct under federal constitutional law. We also conclude that Bailey failed to preserve for consideration on appeal any claims under state law. We affirm the trial court's decision denying Bailey's motion to suppress.

Bailey presents a single issue for our consideration:

Whether the district court erred when it denied Bailey's motion to suppress evidence found during a search incident to arrest when the search was neither necessary to protect the arresting officers nor to preserve evidence of a crime?

The State reframes the issue slightly:

Did the district court err in denying Appellant's motion to suppress the evidence seized during a search of her vehicle incident to her arrest?

### FACTS

On July 14, 1998, Officer Spears of the Campbell County Sheriff's Department was on patrol when he received a report that a bail bondsman was attempting to detain someone. Officer Spears was informed by police dispatch that the bondsman was following Bailey on State Highway 59, and that there was an active Crook County, Wyoming, arrest warrant for her. The officer subsequently stopped Bailey on Interstate Highway 90.

The vehicle Bailey was driving belonged to her employer and with her was a friend's young child. After being informed that she was under arrest for the outstanding warrant, the officer allowed Bailey to make telephone calls to arrange for someone to take care of the child. Bailey was also allowed to call her employer, who made arrangements to come out to the highway and retrieve the vehicle.

(ii) And has in his possession methamphetamine or a controlled substance classified in Schedule I or II which is a narcotic drug in an amount greater than those set forth in para-

After arresting Bailey on the outstanding warrant, the officer proceeded to search the cab of the vehicle, a Ford Ranger pick-up with an extended cab. The officer specifically limited his search to only those areas in the cab that had been within Bailey's reach. In the glove compartment, the officer found three syringes, one of which contained a liquid substance; a spoon; a leather or string tie; a wooden marijuana pipe; a black film container; and a prescription bottle with Bailey's name on it. Behind the driver's seat, the officer also discovered a tin that smelled of marijuana and another pipe. The film container and the prescription bottle contained a white powder later identified as methamphetamine. Likewise, the liquid in the syringe was also identified as methamphetamine.

On July 15, 1998, Bailey was charged with felony possession of 0.33 grams of methamphetamine in a liquid form and 2.30 grams of methamphetamine in a powder form, in violation of § 35–7–1031(c)(ii). Bailey filed a motion to suppress the evidence seized from the truck on the grounds that the search was illegal. After a hearing on the motion, the district court issued a decision letter denying the motion:

It is abundantly clear that the search of Ms. Bailey's vehicle had nothing to do with officer safety. It also appears that the search was in no way necessitated to preserve evidence relating to the underlying offense for which the warrant was executed.

Nevertheless, since Ms. Bailey was in custody pursuant to a valid arrest warrant, the officer was permitted to conduct a warrantless search of the passenger compartment of the vehicle and any containers therein without her consent. *New York v. Belton,* 453 U.S. 454, 460[, 101 S.Ct. 2860, 69 L.Ed.2d 768] (1981). While the rationale for *Belton* is officer safety and evidence preservation it does not appear that those factors are factual predicates to unconsented searches of the passenger compartment of a vehicle incident to an arrest

graph (c)(i) of this section, is guilty of a felony punishable by imprisonment for not more than seven (7) years, a fine of not more than fifteen thousand dollars ($15,000.00), or both[.]

of the driver. It seems that the United States Supreme Court intended to establish a "bright line rule" which permitted such searches without the requirement of a case by case justification. For that reason the Motion to Suppress must be denied and it is unnecessary to extend the inquiry in this case to the question of whether the arresting officer is entitled, under the evidence preservation rationale of *Belton*, to search for evidence of any crime or merely evidence relating to the crime for which the defendant was arrested.

Subsequently, Bailey entered into a conditional guilty plea pursuant to W.R.Cr.P. 11(a)(2).[2], reserving the right to challenge the denial of her motion to suppress. The district court accepted the plea, and the propriety of the ruling denying the motion to suppress is now before this Court.

## STANDARD OF REVIEW

When reviewing an order denying a motion to suppress evidence, the findings of the trial court regarding the motion to suppress are binding on this Court unless clearly erroneous. *Neilson v. State*, 599 P.2d 1326, 1330 (Wyo.1979), *cert. denied*, 444 U.S. 1079, 100 S.Ct. 1031, 62 L.Ed.2d 763 (1980). Whether an unreasonable search or seizure occurred in violation of constitutional rights presents a question of law and is reviewed de novo. *Gronski v. State*, 910 P.2d 561, 563 (Wyo.1996). *Vasquez v. State*, 990 P.2d 476 at 480 (Wyo. 1999).

## DISCUSSION

### *Federal Analysis*

Bailey claims that the warrantless search of her vehicle was in contravention of the United States Constitution. Bailey's claim is predicated upon her belief that the United States Supreme Court in *Knowles v. Iowa*, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998) held that warrantless searches of vehicles in those situations where concerns for officer safety and evidence preservation did not exist were not permissible, thus modifying the "bright line" rule established in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Bailey argues that since the district court specifically concluded that neither scenario justified the search in this instance, the district court erred in denying her motion to suppress.

In *Belton*, the United States Supreme Court held "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. at 460, 101 S.Ct. at 2864. The justification for allowing a warrantless search of an automobile and the containers found therein is based on considerations of preserving evidence of criminal conduct and the need to disclose the existence of weapons to ensure officer safety. 453 U.S. at 461, 101 S.Ct. at 2864. However, the *Belton* court noted that the actual existence of either consideration was not determinative of the validity of such a search since a lawful arrest in itself provided sufficient justification for the intrusion created by the search. *Id.* (quoting *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 476, 38 L.Ed.2d 427 (1973)).

In *Knowles*, the court was faced with an Iowa law that allowed an officer to issue a citation for a violation in lieu of making an arrest. 525 U.S. at 114, 119 S.Ct. at 486-87. The law also provided that the officer's authority to effectuate a search of a vehicle was not diminished by his decision to issue a citation instead of making an arrest. *Id.* The court ruled that a police officer could not conduct a search without probable cause based solely on the issuance of a citation for a traffic violation even if the officer could

2. W.R.Cr.P. 11(a)(2) provides:
   **Rule 11. Pleas.**
   (a) *Alternatives.*
   . . . .
   (2) Conditional Pleas. With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

have arrested the driver for the violation. 525 U.S. at 118, 119 S.Ct. at 488. As the court put it:

> In [*United States v.*] *Robinson*, [414 U.S. 218, 94 S.Ct. 467, 38 L.ed.2d 427 (1973) ], we held that the authority to conduct a full field search as incident to an arrest was a "bright-line rule," which was based on the concern for officer safety and destruction or loss of evidence, but which did not depend in every case upon the existence of either concern. Here we are asked to extend that "bright-line rule" to a situation where the concern for officer safety is not present to the same extent and the concern for destruction or loss of evidence is not present at all. We decline to do so.

Clearly, the court's decision did not affect the continued vitality of the *Belton* decision; it simply refused to expand the parameters of *Belton* beyond custodial searches. *See United States v. Dhinsa*, 171 F.3d 721, 726 (2nd Cir.1999) and *Polke v. State*, 241 Ga.App. 891, 528 S.E.2d 537, 540 (2000).

Hence, Bailey's reliance on *Knowles* is misplaced. Bailey was arrested pursuant to an outstanding warrant authorizing a search of the passenger compartment of her vehicle incident to that arrest under the *Belton* rule. Therefore, the district court did not err when it refused to suppress the evidence obtained from the search of her vehicle under federal law.

### State Analysis

■ Bailey argues that the search of her vehicle was illegal under the Wyoming Constitution pursuant to our recent decision in *Vasquez*. Relying on the district court's findings that officer safety or evidence preservation concerns were not present in this case, Bailey contends that the search was not reasonable under the circumstances. 990 P.2d at 488.

Initially, we must consider the State's argument that Bailey failed to raise a state constitutional issue below and, accordingly, should not be allowed to raise this claim for this first time on appeal. Under the circumstances of this case, we conclude that Bailey failed to raise the question of a Wyoming constitutional violation to a degree sufficient to preserve the issue for consideration on appeal.

■ As noted by the State, we have consistently held that a guilty plea waives any appellate review of non-jurisdictional claims. *See Smith v. State*, 871 P.2d 186, 188 (Wyo. 1994).

> " 'When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' "

*Smith*, 871 P.2d at 188 (quoting *Davila v. State*, 831 P.2d 204, 206 (Wyo.1992); *Zanetti v. State*, 783 P.2d 134, 138 (Wyo.1989); and *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973)). An exception to this rule can be found in W.R.Cr.P. 11(a)(2), which allows a defendant to plead guilty while reserving the right to seek review on appeal of any specified pretrial motion. *See* footnote 2, *supra*.

■ Bailey's motion to suppress fails to cite any cases, Wyoming or federal, in support of her position that the evidence found inside the truck was procured through an illegal search. At the suppression hearing, Bailey did raise the question of whether the search of her vehicle was valid under our decision in *Brown v. State*, 738 P.2d 1092 (Wyo.1987). *Brown*, which involved the search of a house absent any probable cause of criminal activity or threats to officer safety, is inapplicable to the factual circumstances of this case. Although our decision in *Brown* was at least partly grounded in Article I, Section 4, of the Wyoming Constitution, Bailey's citation to a case that is clearly inapposite to the issues at hand in her case is insufficient to preserve a claim on appeal. In order to preserve an issue for consideration on appeal, a party must make some reasonable attempt to present a cogent argument. *Elder v. Jones*, 608 P.2d 654, 660 (Wyo.1980) ("It is a basic premise of appellate practice that to preserve an issue for appeal, that issue must be called to the attention of the trial court in a clear manner ."). Citations merely to "state law" without ap-

propriate citations to legal authority or to irrelevant case law is not the way to make a proper, cogent legal argument. We will not consider non-jurisdictional issues on appeal unless they have been raised before the lower court with at least a minimum effort to present a cogent legal argument.

Bailey counters that it was her intention when she entered into the conditional plea to preserve for appeal both federal and state law claims. Accordingly, Bailey insists that if we decline to consider her state law claim, then her guilty plea was neither knowing nor voluntary, and she should be allowed to withdraw it. We must disagree. Bailey cites to nothing in the record, nor can we find anything, which supports her claim that she intended to base her argument on state law. In fact, all of the evidence in the record supports the proposition that Bailey was relying exclusively on federal law in support of her position. As noted, Bailey's motion to suppress has no citations to any state law. After the suppression hearing, Bailey filed a Supplement to Motion to Suppress devoted exclusively to *Knowles*, with no mention of any state law. Furthermore, the district court's decision denying the motion to suppress was based solely on *Belton*. If Bailey had based her motion to suppress partially on state law considerations, then she should have requested an additional decision from the district court on that aspect of her argument. That Bailey did not make any such request and appealed to this Court instead is evidence that at that time she was not, in fact, raising a state law claim. A self-serving, after-the-fact statement on appeal as to what her intentions were below is insufficient to preserve an issue for consideration on appeal absent some independent evidence that a claim was actually raised.

Even if we were to conclude that Bailey had adequately raised this issue below, it still is not clear that we would get to the merits of her claim. Although neither party raised the issue in their briefs or during oral argument, our consideration of this case raises the question of whether our decision in *Vas-*

*quez* should be applied retrospectively. In other words, should the holding of *Vasquez* apply to searches conducted prior to the issuance of that decision?

The search at issue in this case was conducted on July 14, 1998, and the decision in *Vasquez* was issued on November 16, 1999. Our law on the retrospective application of our decisions is well established:

> We have adopted the principles set forth in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)[ [3] ], to decide whether a defendant should receive the benefit of retroactive application of a decision. *Engberg* [*v. Meyer*, 820 P.2d 70, 76 (Wyo.1991) ]; *Ostwald v. State*, 538 P.2d 1298 (Wyo.1975). Under the *Stovall* standard, we consider the purpose to be served by the new rule; the extent of reliance by law enforcement authorities on the earlier rule; and the effect on the administration of justice of a retrospective application of the new standard. *Stovall*. *See also, Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

*Farbotnik v. State*, 850 P.2d 594, 601 (Wyo. 1993); *see also, People v. Sexton*, 458 Mich. 43, 580 N.W.2d 404, 411–12 (1998); *People v. Mitchell*, 80 N.Y.2d 519, 591 N.Y.S.2d 990, 606 N.E.2d 1381, 1385 (1992); and *Cooper v. State*, 889 P.2d 293, 308–09 (Okl.Cr.1995).

In this case, a major consideration of ours would have to be the extent of reliance by law enforcement authorities on the status of the law prior to the *Vasquez* decision. Until that decision was issued, searches and seizures were reviewed under the standards enunciated by the United States Supreme Court. As we noted earlier in this opinion, the officer's search of Bailey's vehicle was well within the permissible boundaries established by that court in *Belton* and its progeny. There is nothing in the record to suggest that the officer did not act in good faith. Indeed, the officer specifically limited the area of his search of the vehicle when a greater, more intrusive search may have been justified under *Belton*. Given the amount of reliance by law enforcement per-

---

**3.** The United States Supreme Court has effectively overruled *Stovall*. *See Farbotnik*, 850 P.2d 594, 601–02 (Wyo.1993); *see also Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). We have acknowledged the effect of

*Griffith;* however, we have specifically indicated that we will continue to adhere to the standard set forth in *Stovall*. *Farbotnik*, 850 P.2d at 601–02.

sonnel on our decisions relating to the scope of a valid search or seizure, the effect of a retrospective application of the *Vasquez* rule would be profound. Such a retrospective application could threaten the stability that law enforcement expects and needs from the rules set forth by this Court governing officer conduct vis-à-vis the constitutional rights of suspects in order to operate effectively. Thus, while we do not specifically hold that *Vasquez* will not apply retrospectively, we do point out the serious concerns that would have to be addressed by one advocating such a position.

## CONCLUSION

Pursuant to *Belton,* the search of Bailey's truck was a valid search incident to a legal arrest. Bailey failed to preserve for consideration on appeal any claim under state law as to the appropriateness of the search since she did not present any cogent argument on the claim to the district court. The district court's decision denying Bailey's motion to suppress is affirmed.