# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 10

OCTOBER TERM, A.D. 2014

January 14, 2015

BRADLEY M. WARD,

Appellant
(Defendant),

v.

S-14-0104

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable Thomas W. Rumpke, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and Eric M. Alden, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Darrell D. Jackson, Faculty Director, Prosecution Assistance Program; A. Walker Steinhage, Student Director; and Paul M. Bowron, Student Intern.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Bradley Ward was charged with felony possession of marijuana based on evidence found in a search of his vehicle following his involvement in an automobile accident. Ward moved to suppress the evidence and his statements to law enforcement, arguing that the investigating officer impermissibly extended the scope of his contact with Ward by continuing to question him after issuing a citation to and releasing the other driver. The district court denied Ward's motion to suppress, and Ward entered a conditional guilty plea to the felony possession charge, reserving the right to appeal the court's order denying the motion to suppress.

[¶2]    On appeal, Ward does not challenge the search of his vehicle on the basis that the investigating officer impermissibly extended the scope of his detention.  Ward instead argues that the State failed to present sufficient evidence at the suppression hearing concerning the certification of the drug dog used by the investigating officer.  Because we find that Ward did not raise this issue before the district court and did not properly reserve the question pursuant to his W.R.Cr.P. 11(a)(2) plea, we will not address the issue, and we affirm the order denying Ward's motion to suppress.

## ISSUE

[¶3]    Ward presents a single issue on appeal, stating the issue as:

> Did the evidence presented by the State meet the minimum requirements of *Florida v. Harris*, 133 S.Ct. 1050 (2013)?

## FACTS

[¶4]    On June 5, 2013, Ward was involved in a vehicle accident in Gillette, Wyoming. Officer Steven Dillard of the Gillette Police Department was dispatched to investigate the accident and had with him his canine partner, Duke.  On route to the accident, dispatch informed Officer Dillard that a witness had reported that he observed Ward, after the accident, move items from the backseat of his vehicle to the cargo area and then cover them with a blanket.

[¶5]    On arriving at the accident scene, Officer Dillard made contact with Ward and with the other driver.  By the time a second officer arrived on the scene, Officer Dillard had decided to cite the other driver in relation to the accident, and he directed the second officer to issue that citation and complete other aspects of the accident investigation.

[¶6]    Officer Dillard then contacted the witness who had reported that he observed Ward moving items in his vehicle after the accident.  The witness confirmed his earlier

1

account, and Officer Dillard again approached Ward and asked him why he had moved the items in his vehicle. Ward initially denied moving any items, but when Officer Dillard informed him of the witness report, Ward stated he moved the blanket to cover his dog, which had been frightened by the accident. Officer Dillard did not ask any further questions and informed Ward that he had his canine partner with him and that he was going to have the dog perform a free-air sniff of the vehicle.

[¶7]    Officer Dillard had the dog perform the free-air sniff, and the dog indicated near the rear driver's side door. After returning the dog to his vehicle, Officer Dillard began a search of Ward's vehicle. As Officer Dillard was opening the tailgate on Ward's vehicle, he heard Ward, who was talking on his cell phone, tell someone that "he was going to jail." Officer Dillard asked Ward why he believed he was going to jail, and Ward responded by telling Officer Dillard that he was a felon and that he had a handgun, weed, and hash in the vehicle. Officer Dillard proceeded with his search of the vehicle and found numerous jars containing marijuana "shake" and approximately 14-15 grams of hash.

[¶8]    On June 7, 2013, a felony information was filed against Ward charging him with possession of a controlled substance. On July 24, 2013, Ward filed a motion to suppress evidence obtained in the search of his vehicle as well as his statements made to law enforcement. As the basis for his motion to suppress, Ward stated:

> Officer Dillard did not have a reasonable, articulable suspicion of another crime necessary to justify the continued detention of the Defendant. His continued detention, and the subsequent search of his vehicle was done in violation of his rights under the Fourth Amendment of the United States Constitution and Article One § Four of the Wyoming Constitution. As such, all statements made, and all evidence seized from that point on are fruits of the poisonous tree, and must be suppressed.

[¶9]    On August 28, 2013, the district court held a hearing on Ward's motion to suppress, and on September 16, 2013, the court issued an order denying the motion. In denying the motion to suppress, the court noted, "Defendant did not challenge Dillard's canine partner's certification, the dog's indication, or any other aspect regarding the use of the canine. Therefore, the court will not address any issues regarding this aspect of the search."

[¶10] On October 11, 2013, Ward filed a motion to reconsider, requesting that the district court reconsider its decision based on video from Officer Dillard's vehicle that had not been available when Ward filed his motion to suppress. On October 25, 2013, the court held a hearing on Ward's motion to reconsider. During that hearing, Ward's

counsel argued that the video recording contradicted Officer Dillard's testimony that Ward was behaving nervously and supported the motion to suppress because it showed that the search was not conducted within the scope of Officer Dillard's accident investigation. After hearing from Ward and the State, the court denied the motion to reconsider.

[¶11] On November 1, 2013, Ward entered a conditional plea agreement with the State, pursuant to W.R.Cr.P. 11(a)(2). In return for Ward's guilty plea, the State agreed that it would not pursue any charges relating to Ward's firearm possession. Pursuant to his conditional plea, Ward reserved the right to "seek review of the District Court's denial of his *Motion to Suppress Evidence and Statements*."

[¶12] On November 19, 2013, the district court entered its Judgment Upon Plea of Guilty, and on January 28, 2014, the court entered an order sentencing Ward to two to three years in prison. On February 12, 2014, Ward filed a notice of appeal to this Court.

## STANDARD OF REVIEW

[¶13] This Court reviews motion to suppress rulings using the following standard of review:

> We review the district court's factual findings on a motion to suppress for clear error. We defer to those findings and view the evidence in the light most favorable to the prevailing party because the district court is in the best position to weigh the evidence, assess the credibility of witnesses, and make the necessary inferences, deductions, and conclusions. However, "we review the ultimate determination regarding the constitutionality of a particular search or seizure de novo." *Sen [v. State]*, ¶ 25, 301 P.3d [106] at 117 [(Wyo. 2013)] (citing *Owens [v. State]*, ¶ 8, 269 P.3d [1093] at 1095 [(Wyo. 2012)]). *See also Lovato v. State*, 2010 WY 38, ¶ 11, 228 P.3d 55, 57–58 (Wyo.2010) (quoting *Yoeuth v. State*, 2009 WY 61, ¶ 16, 206 P.3d 1278, 1282 (Wyo. 2009)); *Meadows v. State*, 2003 WY 37, ¶ 23, 65 P.3d 33, 40 (Wyo. 2003) (quoting *Gehnert v. State*, 956 P.2d 359, 362 (Wyo. 1998)).

*Klomliam v. State*, 2014 WY 1, ¶ 15, 315 P.3d 665, 668-69 (Wyo. 2014) (quoting *Hunnicutt–Carter v. State*, 2013 WY 103, ¶ 20, 308 P.3d 847, 852 (Wyo. 2013)).

**DISCUSSION**

[¶14] On appeal, Ward has abandoned his argument that the investigating officer impermissibly extended the scope of his detention. Ward instead argues that the State failed to meet its burden of showing that the search of his vehicle was reasonable because it presented insufficient evidence concerning the certification of Officer Dillard's drug dog. In support of this argument, Ward cites *Florida v. Harris*, ___ U.S. ___, 133 S.Ct. 1050, 185 L.Ed.2d 61 (2013). He contends that this ruling requires the State, with or without a challenge from the defendant, and as part of its burden of establishing the reasonableness of its search, to present evidence of a dog's satisfactory performance in a certification or training program. We conclude that we need not, however, decide the parameters of the Supreme Court's decision in *Florida v. Harris* because Ward did not preserve this question for our review.

[¶15] This Court has rejected consideration of new issues on appeal following entry of a conditional plea, explaining:

> We have consistently held that a guilty plea or nolo contendere plea waives appellate review of all non-jurisdictional claims. *Morgan v. State*, 2004 WY 95, ¶ 23, 95 P.3d 802, 808 (Wyo. 2004); *Bailey v. State*, 12 P.3d 173, 177 (Wyo.2000); *Smith v. State*, 871 P.2d 186, 188 (Wyo. 1994); *Ochoa v. State*, 848 P.2d 1359, 1361–62 (Wyo.1993); *Davila v. State*, 831 P.2d 204, 205 (Wyo. 1992). Constitutional challenges to pretrial proceedings, including claims of unlawfully obtained evidence, as in this case, fall into the category of non-jurisdictional claims which do not survive a valid guilty plea or nolo contendere plea. The only exception to the waiver rule can be found in W.R.Cr.P. 11(a)(2), which "allows a defendant to plead guilty while reserving the right to seek review on appeal of any specified pretrial motion." *Bailey*, 12 P.3d at 177. However, we have held that a conditional plea of guilty or nolo contendere, while providing a mechanism for appellate review, does not provide *carte blanche* permission for an appellant to present any and all arguments on appeal. *Morgan*, ¶¶ 24–25, 95 P.3d at 808–09 (citing *Bailey*, 12 P.3d at 177–78); *see also Custer v. State*, 2006 WY 72, ¶¶ 10–12, 135 P.3d 620, 623–24 (Wyo. 2006); *Lindsay v. State*, 2005 WY 34, ¶¶ 16–17, 19 n.7, 108 P.3d 852, 856–57 n.7 (Wyo. 2005). Instead, an appellant may only argue those issues which were clearly brought to the attention of the district court. *Morgan*, ¶ 24, 95 P.3d at 808–09.

*Kunselman v. State*, 2008 WY 85, ¶ 11, 188 P.3d 567, 569-70 (Wyo. 2008); *see also Tucker v. State*, 2009 WY 107, ¶ 30, 214 P.3d 236, 245-46 (Wyo. 2009).

[¶16] During the hearing on Ward's motion to suppress, the prosecutor elicited the following testimony from Officer Dillard:

> Q.     Okay.  And is your dog certified as a canine in the State of Wyoming?
> A.     Yes, sir.  He's certified through the Wyoming Police Service Dog Association of Wyoming.
> Q.     And in regard to that what substances is your dog certified to detect?
> A.     Cocaine, heroin, methamphetamine and marijuana.

[¶17] Ward's counsel asked no questions concerning the qualifications of Officer Dillard's drug dog, and as the district court noted in its order, Ward at no time questioned or challenged the dog's qualifications.  Moreover, Ward at no time suggested that the State had not met its burden of showing that the dog was a qualified drug dog.  Under these circumstances, Ward did not preserve for appeal the question of whether the drug dog was properly qualified or the question of whether the State met its burden of showing the dog's qualifications.  *See Morgan v. State*, 2004 WY 95, ¶ 25, 95 P.3d 802 at 809 (Wyo. 2004) (declining to address issues concerning drug dog's reliability and State's foundation for that reliability on conditional plea appeal where issue was not raised in motion to suppress).  We therefore will not address the issue here.

## CONCLUSION

[¶18] In entering his conditional plea pursuant to W.R.Cr.P. 11(a)(2), Ward did not properly reserve any questions concerning the reliability of the drug dog used to conduct a free-air sniff outside his vehicle, and we therefore will not address those questions on appeal.  Affirmed.