# THE SUPREME COURT, STATE OF WYOMING

# 2026 WY 18

OCTOBER TERM, A.D. 2025

February 5, 2026

CODY JOSEPH MCCALLA,

Appellant
(Defendant),

v.                                                                 S-25-0111

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sheridan County*
*The Honorable Benjamin S. Kirven, Judge*

*Representing Appellant:*
  Ryan L. Wright, Jeremiah N. R. Sandburg, and Clay Simpson of the The Wright Law Firm, Cheyenne, Wyoming.  Argument by Mr. Wright.

*Representing Appellee:*
  Keith G. Kautz, Attorney General: Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Samuel Williams, Senior Assistant Attorney General.  Argument by Mr. Williams.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, and JAROSH, JJ, and CAUSEY, DJ.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FENN, Justice.**

[¶1] Cody McCalla entered a conditional plea of no contest to a charge of involuntary manslaughter related to an altercation with Patrick Mudd that resulted in Mr. Mudd's death. Mr. McCalla reserved the right to appeal the district court's denial of his motion to dismiss, in which he asserted immunity from prosecution under Wyoming Statute § 6-2-602(f) (2023) on the grounds he acted in self-defense. We affirm.

## ISSUES

[¶2] Mr. McCalla presents three issues on appeal, which we restate as follows:

  I. Did the district court err when it required Mr. McCalla to proceed first at the hearing, after having determined his motion to dismiss, standing alone, failed to make a prima facie showing he was entitled to immunity from prosecution under Wyoming Statute § 6-2-602(f)?

  II. Did the district court err when it found Mr. McCalla was the initial aggressor and, as a result, he was not entitled to immunity from prosecution under Wyoming Statute § 6-2-602(f)?

  III. Did the district court abuse its discretion when it denied Mr. McCalla's motion to compel the State to produce unredacted law enforcement reports?

## FACTS

[¶3] The events that led to the charge of involuntary manslaughter against Mr. McCalla are presented in the light most favorable to the district court's decision, in accordance with our standard of review. *State v. John*, 2020 WY 46, ¶ 59, 460 P.3d 1122, 1137 (Wyo. 2020) (citing *Dixon v. State*, 2019 WY 37, ¶ 17, 438 P.3d 216, 226 (Wyo. 2019)).

[¶4] On July 12, 2024, Cody McCalla picked up his friend and drove along 5th Street in Sheridan, Wyoming, to find parking for the rodeo. As Mr. McCalla attempted to pull into an open parking spot on 5th Street, another vehicle, driven by Patrick Mudd's girlfriend, began backing into the same space. It is unclear whether Mr. Mudd's girlfriend backed into Mr. McCalla's vehicle, but when the two vehicles either collided or nearly collided, Mr. Mudd exited the passenger side of the vehicle driven by his girlfriend. Mr. Mudd began yelling vulgarities at Mr. McCalla and his friend, claiming they stole his parking spot. Mr. McCalla and his friend decided to yield the parking spot to Mr. Mudd. They

1

pulled out of the spot and parked approximately 100 feet up the road on the same side of the street.

[¶5]    After Mr. McCalla and his friend parked their vehicle, they began walking along the sidewalk towards the intersection of 5th Street and Long Drive to cross the street to go to the fairgrounds where the rodeo was taking place.  Mr. Mudd's girlfriend saw Mr. McCalla and his friend walking towards where they were parked, so she told Mr. Mudd to stay at their vehicle because she did not "want them to do something . . . like key [their] car."  Mr. Mudd exited the vehicle and stood directly in the middle of the sidewalk on the path to the fairgrounds.  After noticing Mr. Mudd, Mr. McCalla walked faster toward him and initiated a verbal exchange, stating, "Hey, I was the driver.  Who were you calling a c***sucker?"  Mr. Mudd approached Mr. McCalla, and the two men engaged in a physical altercation.

[¶6]    Mr. Mudd knocked Mr. McCalla to the ground multiple times, yet Mr. McCalla continued to reengage in the altercation.  At one point during the fight, Mr. Mudd was positioned over Mr. McCalla after having knocked him down, prompting Mr. McCalla's friend to intervene.  Mr. McCalla was visibly bleeding and had contusions on his face, and his friend feared that Mr. Mudd would continue striking Mr. McCalla.  Mr. McCalla's friend told Mr. Mudd he just wanted him to stop.  Mr. Mudd stopped and walked towards his girlfriend.  As Mr. Mudd walked away, Mr. McCalla remained on the grass, and Mr. Mudd moved near his vehicle.

[¶7]    Mr. McCalla's friend told Mr. McCalla they needed to leave.  The friend began walking towards Mr. McCalla's truck when he heard Mr. McCalla's voice.  He turned and saw Mr. McCalla approach Mr. Mudd.  Mr. McCalla's friend observed Mr. McCalla walk toward Mr. Mudd, seemingly to speak, and noticed Mr. McCalla reach out to touch Mr. Mudd's ripped shirt.  Mr. McCalla's friend heard Mr. Mudd instruct Mr. McCalla to move away, and immediately thereafter, Mr. McCalla punched Mr. Mudd.  After Mr. McCalla punched Mr. Mudd, Mr. Mudd fell to the ground and hit his head on the concrete.  Mr. Mudd was rushed to the hospital where he was life flighted to a hospital in Billings, Montana, and ultimately succumbed to his injuries.

[¶8]    On July 15, 2024, the State charged Mr. McCalla with involuntary manslaughter in violation of Wyoming Statute § 6-2-105(a)(ii) (2023).  Mr. McCalla filed several discovery motions, including a motion to compel "the State to provide unredacted discovery of all reports, Case Reports, Interviews, transcripts, statements and all discovery pursuant to [Wyoming Rule of Criminal Procedure] 16" and the district court's order for discovery. The district court set Mr. McCalla's motion to compel for hearing on November 19, 2024.

[¶9]    Prior to the scheduled motion hearing, on November 6, 2024, Mr. McCalla filed a motion to dismiss claiming he was entitled to immunity from prosecution under Wyoming Statute § 6-2-602(f).  Mr. McCalla claimed he acted in self-defense and was lawfully present on the public sidewalk when Mr. Mudd violently attacked him.  He argued he made

2

a prima facie showing Wyoming Statute § 6-2-602(f) applies by filing his motion to dismiss, and the State needed to proceed first at an evidentiary hearing. The State objected to Mr. McCalla's motion and requested the district court set the matter for an evidentiary hearing where Mr. McCalla would be required to make a prima facie showing Wyoming Statute § 6-2-602(f) applies. The State argued Mr. McCalla's motion only provided a recitation of his version of events that was unsupported by any evidence. The district court set the motion to dismiss for an evidentiary hearing beginning January 30, 2025.

[¶10] On November 19, 2024, the district court held a hearing on Mr. McCalla's motion to compel unredacted discovery. The district court entered its written order denying the motion to compel before the evidentiary hearing on Mr. McCalla's motion to dismiss. The district court concluded as a matter of law Mr. McCalla was not entitled to review the redacted portions of the documents, which were exempt from the State's disclosure obligations under Rule 16 of the Wyoming Rules of Criminal Procedure (W.R.Cr.P.).

[¶11] At the hearing on his motion to dismiss, Mr. McCalla did not revisit the issue of the redacted documents, but argued his motion made the required prima facie showing, shifting the burden to the State to demonstrate he was not entitled to immunity under Wyoming Statute § 6-2-602(f). The State argued Mr. McCalla had presented no evidence in support of his motion, so he was required to proceed first at the hearing; if he met his prima facie burden, the burden would then shift to the State to show, by a preponderance of the evidence, that Mr. McCalla was not entitled to immunity. The district court found Mr. McCalla's motion to dismiss failed to meet his prima facie burden and required him to proceed first at the hearing.

[¶12] Mr. McCalla called four witnesses, including himself. After Mr. McCalla rested his case, the district court found Mr. McCalla made a prima facie showing he acted in self-defense using reasonable defensive force, which entitled him to immunity from prosecution under Wyoming Statute § 6-2-602(f). The State called ten witnesses. The district court took the matter under advisement and issued its written opinion on February 4, 2025. The district court determined the State met its burden of proving, by a preponderance of the evidence, Mr. McCalla was the initial aggressor and did not employ reasonable defensive force, rendering him ineligible for immunity from prosecution under Wyoming Statute § 6-2-602(f). It denied Mr. McCalla's motion to dismiss but found its decision did not inhibit Mr. McCalla's ability to raise the affirmative defense of self-defense at the jury trial.

[¶13] Following the district court's decision, Mr. McCalla filed a second motion to compel the production of unredacted law enforcement reports on February 13, 2025. However, before the State could respond or the district court could issue a decision on Mr. McCalla's second motion to compel, he entered into a conditional plea agreement with the State pursuant to W.R.Cr.P. 11(e)(1)(C) (2024). Mr. McCalla agreed to plead no contest to involuntary manslaughter in exchange for a recommended sentence of four to six years. The State consented to Mr. McCalla preserving his right to appeal the district court's order

3

denying his motion to dismiss. The district court accepted the plea agreement and imposed a sentence of incarceration for not less than four years nor more than six years. This appeal timely followed.

## STANDARD OF REVIEW

[¶14] Wyoming Statute § 6-2-602(f) grants a person immunity from criminal prosecution when they use reasonable defensive force. When an accused moves to dismiss a criminal charge claiming self-defense immunity under Wyoming Statute § 6-2-602(f), "the district court must hold an evidentiary hearing to determine whether [the accused] may be tried for the charge." *John*, 2020 WY 46, ¶ 40, 460 P.3d at 1134. At that hearing,

> [t]he accused must make a prima facie showing that § 6-2-602(f) applies. If he satisfies this minimal burden, the burden shifts to the State to establish by a preponderance of the evidence that § 6-2-602(f) does not apply. If the State cannot meet its burden the charge must be dismissed.

*Id.* (footnote omitted); *see also Hall v. State*, 851 P.2d 1262, 1263–64 (Wyo. 1993). If the court denies the motion to dismiss and the case proceeds to trial, the accused is not precluded from raising self-defense immunity under § 6-2-602(f) as an affirmative defense at trial. *John*, ¶ 40, 460 P.3d at 1134.

[¶15] In reviewing the district court's denial of Mr. McCalla's motion to dismiss, we view the record in the light most favorable to the district court's decision. *Id.* at ¶ 59, 460 P.3d at 1137–38 (citing *Dixon*, 2019 WY 37, ¶ 17, 438 P.3d at 226). We defer to the district court's factual findings unless they are clearly erroneous. *Dixon*, ¶ 17, 438 P.3d at 226. "We view the evidence in the light most favorable to the district court's decision because the court conducted the hearing and had the opportunity to 'assess the witnesses' credibility, weigh the evidence and make the necessary inferences, deductions and conclusions.'" *Id.* (quoting *Kunselman v. State*, 2008 WY 85, ¶ 9, 188 P.3d 567, 569 (Wyo. 2008)). "On those issues where the district court has not made specific findings of fact, this Court will uphold the general ruling of the court below if supported by any reasonable view of the evidence." *Id.* (quoting *Feeney v. State*, 2009 WY 67, ¶ 9, 208 P.3d 50, 53 (Wyo. 2009)). The ultimate question of whether the district court properly applied the statutory requirements, definitions, and presumptions under Wyoming Statute § 6-2-602 to the underlying facts is a question of law we review de novo. *John*, 2020 WY 46, ¶ 42, 460 P.3d at 1135.

## DISCUSSION

[¶16] The district court denied Mr. McCalla's motion to dismiss, finding Mr. McCalla met his prima facie burden at the evidentiary hearing, but the State proved by a

4

preponderance of the evidence Mr. McCalla was the initial aggressor and failed to use reasonable defensive force, defeating his claim to immunity from prosecution under Wyoming Statute § 6-2-602(f). Mr. McCalla argues the district court improperly applied the burden under the immunity statute and held him to a higher standard when it required him to present his case first at the evidentiary hearing. He further claims the district court clearly erred when it found Mr. McCalla was the initial aggressor. He argues the district court's failure to conduct an in-camera review of redacted law enforcement reports and to compel the State to produce unredacted versions of the reports is inextricably intertwined with the district court's immunity determination. We address each argument in turn.

### I. The district court did not err when it required Mr. McCalla to proceed first at the evidentiary hearing on his motion to dismiss.

[¶17] The district court held Mr. McCalla's motion to dismiss did "not satisfy the prima facie requirement as provided in [State v.] John." However, after requiring Mr. McCalla to proceed first at the hearing, the district court found Mr. McCalla "satisfied th[e] minimal burden of establishing a prima facie showing that immunity applies under the statute," largely through his own testimony. Mr. McCalla claims the district court held him to a higher burden of proof when it required him "to proceed first at the hearing by calling witnesses for direct examination, including adverse witnesses, rather than being able to confront those witnesses through cross-examination and test the State's theory." He argues that the district court misapplied the procedural framework we adopted in *State v. John*, 2020 WY 46, 460 P.3d 1122 (Wyo. 2020), when it concluded his motion to dismiss did not meet his prima facie burden.

[¶18] In *State v. John*, we adopted the procedural framework articulated in *Hall v. State* for district courts to use when deciding whether an accused is entitled to self-defense immunity under Wyoming Statute § 6-2-604(f). *John*, 2020 WY 46, ¶¶ 34, 40, 460 P.3d at 1133–34. In *Hall v. State*, we held "when a claim of immunity is presented, the trial court shall hold a pretrial hearing to determine whether the case can go to trial. **At that hearing, the defendant must assume the burden of presenting a *prima facie* showing** of the grant of immunity." 851 P.2d at 1263 (emphasis added). As recognized in *Hall v. State*, a defendant must present evidence at an evidentiary hearing sufficient to establish a prima facie showing he is entitled to immunity from prosecution under Wyoming Statute § 6-2-604(f). *Id.* Although we recognized a defendant bears the burden of presenting a prima facie showing at an evidentiary hearing, we never foreclosed the possibility that burden could be met through the filing of a motion to dismiss.

[¶19] "On a pretrial motion in a criminal prosecution, the burden is upon the defendant to place competent and convincing evidence before the court in support of his or her motion." 75 Am. Jur. 2d *Trial* § 36 (Nov. 2025 Update). "A motion cannot prove itself; representations, arguments of counsel, allegations and statements made in motions are not evidence, and allegations in motions do not amount to any proof of the facts stated." 56

Am. Jur. 2d *Motions, Rules, and Orders* § 2 (Nov. 2025 Update). Although Mr. McCalla's motion contains numerous allegations and assertions which, if supported by evidence, could possibly establish a prima facie entitlement to immunity, he presented no competent evidence in his motion to satisfy his minimal burden. For example, Mr. McCalla cited to a written witness statement from his friend, but he did not attach the statement to his motion. Instead, he attached documents from the district court file in *State v. John*, a copy of the bill version of Wyoming Statute § 6-2-604(f), and a news article concerning the statute. None of these attachments constitute competent evidence capable of meeting Mr. McCalla's minimal burden.

[¶20] Mr. McCalla claims even though he did not include any evidentiary support, the factual allegations in his motion are sufficient to meet his prima facie burden. Mr. McCalla relies on *Jefferson v. State*, 264 So. 3d 1019, 1028–29 (Fla. Dist. Ct. App. 2018), in which the Florida Second District Court of Appeal determined the trial court erred by requiring the defendant to produce testimony or physical evidence subject to cross-examination to establish his claim of immunity. In *Jefferson*, the Florida appellate court held an accused establishes a prima facie claim of self-defense immunity merely by alleging a facially sufficient claim of justifiable use of force in a pretrial motion to dismiss. 264 So. 3d at 1028–1029. Mr. McCalla's reliance on *Jefferson* is misplaced. Unlike the relevant Wyoming Statute, the plain language of the applicable Florida statute placed the burden of proof on the party seeking to overcome the immunity from criminal prosecution and only required the defendant to "raise" a prima facie claim of self-defense immunity. Fla. Stat. § 776.032(4) (2017). The plain language of Wyoming Statute § 6-2-602 does not set forth who carries the burden. Additionally, the procedural framework we adopted in *State v. John* requires the accused to "present" a prima facie showing of entitlement to immunity at the evidentiary hearing. *John*, 2020 WY 46, ¶¶ 34, 40, 460 P.3d at 1133–34; *Hall*, 851 P.2d at 1263. The district court did not err in determining Mr. McCalla's motion to dismiss, standing alone, failed to establish a prima facie case he was entitled to immunity from prosecution and requiring him to proceed first at the evidentiary hearing.

## II. *The district court did not err when it found Mr. McCalla was an initial aggressor and he was not entitled to immunity from prosecution under Wyoming Statute § 6-2-602(f).*

[¶21] The district court held the common law principle of the initial aggressor rule continues to apply to the self-defense immunity statute, Wyoming Statute § 6-2-602. It found there were two altercations between Mr. McCalla and Mr. Mudd and the State met its burden showing by a preponderance of the evidence Mr. McCalla was the initial aggressor in the second altercation, which resulted in Mr. Mudd's death. The district court concluded that "[d]espite the aggressive demeanor of Mr. Mudd immediately following the parking dispute, [that] confrontation ended upon [Mr. McCalla's friend] and Mr. McCalla driving up the road to find a different parking spot." It determined the evidence established Mr. Mudd was not interested in furthering the dispute and only remained near his

6

girlfriend's vehicle out of concern for retaliation. It found the testimony established Mr. McCalla proceeded directly towards Mr. Mudd after the parking spot dispute and engaged in a verbal exchange which quickly devolved into a physical altercation. The district court concluded a physical fight ensued between Mr. McCalla and Mr. Mudd, which resulted in Mr. McCalla "being knocked to the ground multiple times," but "Mr. Mudd's actions exhibited an intent to end the altercation between the two men." The district court found Mr. Mudd disengaged from Mr. McCalla at which point Mr. McCalla reengaged Mr. Mudd and ultimately landed the final blow killing Mr. Mudd. Because the district court concluded Mr. McCalla was the initial aggressor in the second altercation, it held he was not entitled to self-defense immunity from prosecution under Wyoming Statute § 6-2-602.

[¶22] Mr. McCalla argues the district court erred when it applied the initial aggressor analysis. He suggests the evidence shows Mr. Mudd was the initial aggressor and Mr. McCalla had the right to stand his ground because he was lawfully present on a public sidewalk. He contends the district court clearly erred by not determining who was the initial aggressor at the beginning of the encounter. We disagree and find the record supports the district court's conclusions.

[¶23] Section 6-2-602(f) provides "the sole basis for self-defense immunity." *John*, 2020 WY 46, ¶ 43, 460 P.3d at 1135. Statutory language governs the analysis when determining whether a defendant is entitled to self-defense immunity. *Id.* "Common law principles consistent with the statutory language may guide our application of the statutory requirements, definitions, and presumptions[.]" *Id.* Section 6-2-602(f) provides "[a] person who uses reasonable defensive force . . . shall not be criminally prosecuted for that use of reasonable defensive force." Wyo. Stat. Ann. § 6-2-602. "This Court has long adhered to the common law rule that an initial aggressor, one who provokes a conflict, must withdraw from that conflict before he or she will be entitled to assert a claim of self-defense." *Smith v. State*, 2021 WY 28, ¶ 42, 480 P.3d 532, 542 (Wyo. 2021). Section 6-2-602(e) encapsulates this rule: "A person who is attacked in any place where the person is lawfully present shall not have a duty to retreat before using reasonable defensive force . . . **provided that he is not the initial aggressor**[.]" Wyo. Stat. Ann. § 6-2-602(e) (emphasis added); s*ee also Smith*, ¶ 44, 480 P.3d at 542 (stating the self-defense statute expressly recognizes the initial aggressor rule in addressing the duty to retreat). The initial aggressor rule is stated as follows:

> Generally, the right to use self-defense is not available to an aggressor who provokes the conflict. However, if one provokes a conflict but thereafter withdraws in good faith and informs the adversary by words or actions of the desire to end the conflict and is thereafter pursued, that person then has the same right of self-defense as any other person. The person is justified in using force to the same extent that any other person would be who was acting in self-defense.

7

*Smith*, ¶ 42, 480 P.3d at 542 (quoting *Farrow v. State*, 2019 WY 30, ¶ 31, 437 P.3d 809, 819 (Wyo. 2019)).

[¶24]   Here, the evidence shows Mr. McCalla and Mr. Mudd were both aggressors in the initial physical altercation.   Although Mr. Mudd approached Mr. McCalla and his friend during the parking spot altercation using vulgar language and acting aggressively, Mr. Mudd never acted with physical aggression or threatened any type of harm during this initial exchange.   We have consistently held that words alone do not make a person the aggressor and there must be "some sort of physical aggression or a threat of imminent use of deadly force . . . before a person will be considered an aggressor." *Schnitker v. State*, 2017 WY 96, ¶ 14, 401 P.3d 39, 44 (Wyo. 2017); *Drennen v. State*, 2013 WY 118, ¶¶ 34, 38, 311 P.3d 116, 128–29 (Wyo. 2013).   Mr. McCalla and his friend moved their vehicle away from the parking spot dispute and began walking down the sidewalk where Mr. Mudd was standing.   Mr. McCalla's friend testified as they were walking down the sidewalk, Mr. McCalla "began walking faster . . . when he saw Mr. Mudd standing there.   And as got closer to Mr. Mudd, he verbally engaged him[.]"   Mr. McCalla's friend stated Mr. Mudd and Mr. McCalla then "collided."   He stated Mr. McCalla's body was in the way of Mr. Mudd so he could not see Mr. Mudd's hands very well, but he saw Mr. McCalla's "shoulders dip down and [Mr. McCalla's] hands extend and grab towards [Mr. Mudd's] midsection, and [Mr. Mudd and Mr. McCalla] began pushing towards a shed that was near by the sidewalk."   The friend stated at this point Mr. McCalla pushed Mr. Mudd into the shed and Mr. Mudd held Mr. McCalla at bay while punching him.   He stated Mr. McCalla and Mr. Mudd "continued both engaging in fighting" until he intervened and said to Mr. Mudd "I just want you to stop."   He testified Mr. Mudd "walked away from Mr. McCalla and towards the lady he was with," suggesting that the altercation had concluded, yet Mr. McCalla approached Mr. Mudd again.

[¶25] Mr. Mudd's girlfriend's account confirms the friend's account.   Mr. Mudd's girlfriend stated she had them wait at the vehicle because she did not want Mr. McCalla and his friend "key[ing] [their] car."   Mr. Mudd's girlfriend stated they were waiting for Mr. McCalla and his friend to pass when she looked up and saw Mr. McCalla "in like a football tackle mode . . . charging at [Mr. Mudd]."   The girlfriend testified Mr. McCalla and Mr. Mudd kept fighting and then Mr. Mudd grabbed Mr. McCalla and said "I told you to quit," punched him in the face, and said "I told you to leave us alone."   She stated she and Mr. Mudd went over to their vehicle, when Mr. McCalla reapproached Mr. Mudd and punched him in the face with his left hand.

[¶26]   An eyewitness testified she saw Mr. McCalla lunge at Mr. Mudd, and then she saw Mr. Mudd push Mr. McCalla and ask, "Are you done yet?"   She stated after this Mr. Mudd had his hat off and was rubbing his face and it looked like the fight was over.   She looked away and then she heard a scream.   Another eyewitness observed Mr. McCalla and Mr. Mudd engaged in a physical struggle, and then she saw them separate, with Mr. Mudd by

8

his vehicle and Mr. McCalla by a shed. She stated the individuals involved in the dispute disbursed but then she heard a crunch followed by a scream. Another eyewitness testified she saw Mr. Mudd and Mr. McCalla both have a hold of each other's shirts and in a physical altercation. She stated Mr. Mudd said once or twice "Get the f*** away. Get the f*** off me." The witness stated she looked away, and upon looking back, she observed Mr. McCalla strike Mr. Mudd in the face near where Mr. Mudd's vehicle was parked.

[¶27] Mr. McCalla's own testimony supports the conclusion he was the initial aggressor. Mr. McCalla testified Mr. Mudd was standing in the middle of the sidewalk when he and Mr. Mudd started yelling words at each other. He testified:

> Well, as I was walking - - as I was approaching Mr. Mudd, Mr. Mudd started approaching me too. And he looked like he was wanting to fight, and so I said, "motherf*****, you ready to go," like as a question.
>
> And he replied, "Yeah, let's go, motherf*****."
>
> So I walked up to him.

Mr. McCalla also testified he walked up to Mr. Mudd, and the two grabbed onto each other at "the same time."

[¶28] Our case law recognizes it is possible for both Mr. McCalla and Mr. Mudd to be aggressors through the mutual combatant rule. The mutual combatant rule states: "two individuals who mutually agree to fight are both considered aggressors, making a self-defense theory unavailable to either of them.'" *Farrow*, 2019 WY 30, ¶ 26, 437 P.3d at 818 (quoting *Coburn v. State*, 2001 WY 30, ¶ 13, 20 P.3d 518, 521 (Wyo. 2001)). Mr. McCalla argues this Court held in *State v. John* the self-defense immunity statute abrogated the mutual combatant rule and allowed a mutual combatant to seek immunity from prosecution under the self-defense immunity statute. Mr. McCalla suggests even if he was a mutual combatant, he could still seek immunity from prosecution under the self-defense immunity statute. Mr. McCalla misinterprets our discussion in *State v. John*.

[¶29] In *State v. John*, the State argued before Mr. John could assert the right to self-defense under the immunity statute, he had a duty to retreat because he was a mutual combatant. 2020 WY 46, ¶ 54, 460 P.3d at 1137. We recognized "[t]he plain language of § 6-2-602 . . . makes no allowance for mutual combatants when determining whether statutory immunity under subsection (f) applies." *Id.* We held a mutual combatant has no ability to pursue a claim of immunity from prosecution under the immunity statute. Therefore, if Mr. McCalla was a mutual combatant, or the initial aggressor, he cannot assert immunity from prosecution under Wyoming Statute § 6-2-602.

9

[¶30] All the testimony, including Mr. McCalla's own testimony, indicates Mr. McCalla and Mr. Mudd were both mutual combatants in the first altercation on the sidewalk. Nevertheless, even if we assume Mr. Mudd was the initial aggressor, the State proved by a preponderance of the evidence the initial altercation had ended, and Mr. Mudd indicated his desire to end the altercation when he told Mr. McCalla to get away from him and walked away. The preponderance of the evidence shows Mr. McCalla reengaged Mr. Mudd, rendering Mr. McCalla the initial aggressor in the second physical encounter, thereby forfeiting his entitlement to immunity from prosecution under Wyoming Statute § 6-2-602. We cannot find the district court erred when it held Mr. McCalla was the initial aggressor and is not entitled to immunity from prosecution under Wyoming Statute § 6-2-602.

### III. Mr. McCalla failed to properly preserve the district court's decision on his motion to compel the unredacted law enforcement reports.

[¶31] Mr. McCalla claims he was deprived of the ability to present relevant and admissible evidence because the State withheld unredacted versions of the law enforcement reports. Mr. McCalla argues that the district court erred when it declined to conduct an in-camera review of the reports and to compel the production of the unredacted law enforcement reports. He claims if "the district court performed the required in-camera review, it would have uncovered statements from witnesses which could have directly supported [his] self-defense claim and establish[ed] his prima facie showing of immunity." We decline to consider Mr. McCalla's argument because he did not preserve the issue for appeal.

[¶32] Generally, when a criminal defendant enters a guilty plea or nolo contendere plea, he waives appellate review of all non-jurisdictional issues. *Ward v. State*, 2015 WY 10, ¶ 15, 341 P.3d 408, 411 (Wyo. 2015) (quoting *Kunselman*, 2008 WY 85, ¶ 11, 188 P.3d 567 at 569–70). "The only exception to the waiver rule can be found in [W.R.Cr.P.] 11(a)(2), which 'allows a defendant to plead guilty while reserving the right to seek review on appeal of any specified pretrial motion.'" *Ward*, 2015 WY 10, ¶ 15, 341 P.3d at 411 (quoting *Bailey v. State*, 12 P.3d 173, 177 (Wyo. 2000)).

> (2) Conditional Pleas. — With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, **to seek review of the adverse determination of any specified pretrial motion**. A defendant who prevails on appeal shall be allowed to withdraw the plea.

W.R.Cr.P. 11(a)(2) (2025) (emphasis added).

[¶33] The district court denied Mr. McCalla's first motion to compel prior to his entering into the conditional plea agreement. The district court found Mr. McCalla "provided no

authority, other than the norms of other jurisdictions, to support his claim that he is entitled to inspect the redacted portions of discovery." It further found Mr. McCalla had not "identified specific pieces of required discovery that are missing from the State's disclosures," but instead has only "expressed a generalized concern or the potential for missing information." The district court held "[b]ased on the representations from the State of Wyoming," "the redacted portions of discovery contain information specifically excepted from the State's obligations under [W.R.Cr.P.] 16" and it would "not order discovery outside the parameters of the Wyoming Rules of Criminal Procedure or other statutes." Mr. McCalla did not raise his concerns on the unredacted discovery at the motion to dismiss hearing. He did not raise the issue again until after the district court entered its order on his motion to dismiss. The day before Mr. McCalla entered into the conditional plea agreement, he filed a second motion to compel seeking the production of unredacted versions of law enforcement reports. In his motion, he argued he was precluded from effectively cross-examining law enforcement witnesses at the motion to dismiss hearing because he did not have the unredacted law enforcement reports.

[¶34] In Mr. McCalla's written plea agreement with the State he "preserve[d] the right to appeal the [c]ourt's [o]rder denying his motion to dismiss pursuant to W.S. § 6-2-602." During the change of plea hearing the parties agreed "Mr. McCalla is permitted to appeal [the district court's] ruling regarding the Defendant's Motion for Immunity Pursuant to Wyoming Statute 6-2-602." Mr. McCalla never preserved his right to appeal the district court's order on his first motion to compel unredacted discovery, nor did he attempt to preserve any issue involving his pending second motion to compel production of law enforcement reports. The district court was never given an opportunity to rule on Mr. McCalla's second motion to compel production of law enforcement reports.

[¶35] Although a conditional plea of no contest pursuant to W.R.Cr.P. 11(a)(2) provides a mechanism for appellate review, it "does not 'provide *carte blanche* permission for an appellant to present any and all arguments on appeal.'" *Ray v. State*, 2018 WY 146, ¶ 14, 432 P.3d 872, 876 (Wyo. 2018) (quoting *Kunselman*, 2008 WY 85, ¶ 11, 188 P.3d at 570). A conditional guilty plea requires: "(1) reservation of the right to appeal a specific issue in writing, (2) the State's consent, (3) the district court's approval, and (4) reservation of a dispositive issue." *Barney v. State*, 2022 WY 49, ¶ 23, 507 P.3d 459, 463 (Wyo. 2022). Here, Mr. McCalla raises an issue that he neither preserved in his conditional plea nor received a decision on from the district court. Although he contends the issue is intertwined with his motion to dismiss, Mr. McCalla's challenge to the district court's decision declining to compel production of unredacted law enforcement reports falls outside the scope of his reserved appellate rights, and we decline to address it any further.[1]

---

[1] The State argues review of the district court's order on Mr. McCalla's motion to compel the unredacted law enforcement reports is non-dispositive, so this Court should not consider the issue. Mr. McCalla claims the "discovery issue is inextricably intertwined with the immunity determination and meets the disposability

11

## CONCLUSION

[¶36]   The district court did not err in concluding Mr. McCalla's motion to dismiss failed to satisfy his prima facie burden of establishing entitlement to immunity from prosecution under the self-defense statute, Wyoming Statute § 6-2-602(f).   Because Mr. McCalla's motion to dismiss did not meet his burden, the district court did not err when it required him to proceed first at the evidentiary hearing.   The evidence in the record reasonably supports the district court's finding the State met its burden of proving Mr. McCalla was the initial aggressor and was not entitled to immunity from prosecution.

[¶37]   As to Mr. McCalla's third issue concerning his motion to compel the production of unredacted law enforcement reports, we conclude he did not properly preserve this issue for appeal, and we decline to review it any further.   Affirmed.

---

requirement." An issue is dispositive if reversal requires dismissal of the charges or suppression of the evidence necessary for conviction. *Barney*, 2022 WY 49, ¶ 23, 507 P.3d 459, 463 (Wyo. 2022); *Hardman v. State*, 2018 WY 24, ¶ 3, 413 P.3d 116, 117 (Wyo. 2018).  If any one of the issues raised is non-dispositive then the entire conditional plea becomes invalid. *Walters v. State*, 2008 WY 159, ¶¶ 25-26, 197 P.3d 1273, 1280 (Wyo. 2008) (finding that even when one of the issues preserved is not dispositive the entire conditional plea is invalid); *see also Hardman*, ¶¶ 3–4, 413 P.3d at 117 (holding an entire conditional plea is invalid if it contains even one non-dispositive issue).  Because we find Mr. McCalla did not meet the first three elements of a proper conditional plea, we decline to address whether the issue is non-dispositive and invalidates his conditional plea.